**IN THE DISTRICT COURT FOR THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02-53-T |
| | ) | |
| LEON TAYLOR | ) | |

**UNITED STATES RESPONSE TO**
**DEFENDANT'S MOTION TO REDUCE SENTENCE**

Defendant, Leon Taylor, has submitted a request for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). On July 3, 2002, defendant plead guilty to the a one count Indictment charging him with possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He was sentenced to 121 months imprisonment on April 7, 2003.

The United States agrees that defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the United States Sentencing Commission Guidelines Manual. However, the amount of defendant's sentence reduction is limited by the mandatory minimum sentence of 10 years which is applicable to the single count of conviction in this case. 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A).

Discussion

Defendant's original guideline calculation was as follows:

Total Offense Level 29

Criminal History Category IV

____________121 to 151 months imprisonment

____________5 years supervised release

$ 15,000 to $ 4,000,000 fine.

Defendant was sentenced on April 7, 2003, at the low end of the guideline rage to 121 months imprisonment. Defendant's revised guideline calculation renders a total offense level of 27 and a guideline rage of 100 to 125 months imprisonment. However, the mandatory minimum sentence applicable to defendant's count of conviction is ten years. Accordingly, defendant's restricted guideline range is 120 to 125 months. 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A).

18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. .

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11,

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir.

2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. However, the Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. See § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d

---

1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997). Courts have unanimously applied the same rule in addressing motions based on the crack amendments. See, e.g., United States v. Urquhart, 2008 WL 829670 (E.D. Ark. Mar. 26, 2008); United States v. Powell, 2008 WL 647549 (D.D.C. Mar. 6, 2008); United States v. Goodman, 2008 WL 616100 (M.D. Fla. Mar. 3, 2008); United States v. Griggs, 2008 WL 750564 (M.D. Pa. Mar. 19, 2008); United States v. Hughes, 2008 WL 728364 (W.D. Pa. Mar. 18, 2008); United States v. Moses, 2008 WL 655993 (W.D. Pa. Mar. 5, 2008); United States v. Wright, 2008 WL 732167 (D.S.C. Mar. 17, 2008); United States v. Brown, 2008 WL 867882 (D.S.C. Mar. 27, 2008); United States v. Daniels, 2008 WL 892692 (W.D. Va. Mar. 28, 2008); United States v. Parris, 2008 WL 657401 (W.D. Va. Mar. 5, 2008); United States v. Herndon, 2008 WL 723780 (W.D. Va. Mar. 13, 2008); United States v. Hawkins, 2008 WL 901554 (E.D. Wash. Mar. 31, 2008); United States v. Howell, 2008 WL 687112 (S.D. W. Va. Mar. 12, 2008). Therefore, the modification to defendant's sentence should be limited to 120 months imprisonment.[3]

---

[3] According to the modified pre-sentence report, defendant has not had any incident reports while imprisoned.

Conclusion

The United States concurs that defendant's sentence may be modified. However, the United States respectfully requests that the Court limit the modification to defendant's sentence to 120 months imprisonment.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
/s/ LUIS M. MATOS
Assistant U.S. Attorney
RI Bar #4475
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5002 (fax)
luis.matos@usdoj.gov

**CERTIFICATION**

I hereby certify that on the 2nd day of June, 2008, I filed electronically and mailed, by ordinary mail and postage prepaid, a true copy of the United States Response to Defendant's Motion to Reduce Sentence, to:

Steven D. DiLibero, Esq.
DiLibero & Coloian
130 Dorrance Street, Shakespeare Hall
Providence, RI 02903

/s/ LUIS M. MATOS
Assistant U.S. Attorney
RI Bar #4475
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5002 (fax)
luis.matos@usdoj.gov